UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20406-CIV-ALTONAGA/Reid

**DARYL SANTIAGO**,

    Petitioner,
v.

**FIELD OFFICE DIRECTOR, MIAMI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Petitioner, Daryl Santiago's Unopposed Motion for Extension of Time [ECF No. 11], filed on April 24, 2025. As the title of the Motion suggests, Petitioner requests additional time to file a motion for leave to amend his Verified Petition for Writ of Habeas Corpus [ECF No. 1] and further, seeks cancellation of a Motion Hearing scheduled for May 2, 2025 before Magistrate Judge Lisette M. Reid [ECF No. 10]. (*See* Mot. 1).[1] For the following reasons, the Motion is denied as moot, and the case is dismissed.

This case concerns Petitioner's challenge to his immigration detention. (*See generally* Pet.). Petitioner claims that U.S. Immigration and Customs Enforcement ("ICE") unlawfully re-detained him after his release on bond pursuant to an immigration judge's custody order, which expressly barred further arrest absent a probation-related warrant. (*See id.* ¶¶ 1, 25). ICE appealed that custody order to the Board of Immigration Appeals ("BIA") and simultaneously sought an emergency discretionary stay. (*See id.* ¶¶ 2, 34–35). On September 23, 2024, the BIA granted the

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

discretionary stay, temporarily suspending the custody order. (*See id.* ¶¶ 3, 38). After completing an unrelated criminal sentence in state custody, Petitioner was re-detained by ICE. (*See id.* ¶ 45).

On April 17, 2025 — after the Petition was filed — the BIA sustained ICE's appeal of the immigration judge's custody order and directed that Petitioner remain in immigration detention. (Mot. 2). Petitioner now acknowledges that the BIA's decision renders the Verified Petition's existing claims moot, but he seeks leave to amend the Petition to raise new theories of unlawful mandatory detention under 8 U.S.C. section 1226(c). (*See id.* 2–3). The Court lacks the authority to grant his request.

"Mootness is jurisdictional, and the court must resolve any question of mootness before it assumes jurisdiction." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (citation omitted). "The fundamental question with respect to mootness is whether events have occurred subsequent to the filing of an appeal that deprive the court of the ability to give the appellant meaningful relief." *Id.* (alterations adopted; citation and quotation marks omitted).

Petitioner does not dispute that he is no longer detained under the challenged basis or that the original custody order can no longer be enforced. (*See* Mot. 2). And while he may be considering the possibility of bringing new claims based on mandatory detention under 8 U.S.C. section 1226(c), those theories fall outside the scope of the operative pleading. (*See generally* Pet.). If Petitioner wishes to pursue such claims, he may do so in a new action. *See Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242–43 (11th Cir. 2002); *cf. Alexis v. Gonzales*, No. 06-0674-Civ, 2007 WL 1539952, at *1 (S.D. Ala. May 22, 2007) ("[T]he court will not allow petitioner to amend his complaint to raise entirely new claims now that petitioner's original claim has been found moot." (alteration added)).

Being fully advised, it is

CASE NO. 25-20406-CIV-ALTONAGA/Reid

**ORDERED AND ADJUDGED** that Petitioner, Daryl Santiago's Unopposed Motion for Extension of Time **[ECF No. 11]** is **DENIED as moot**, and his Verified Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED without prejudice as moot**. The Motion Hearing scheduled for May 2, 2025 **[ECF No. 10]** is **CANCELLED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 25th day of April, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record